IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DOMINIC TANNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:25-CV-04204-WJE |
| HULETT CHEVROLET-BUICK-GMC, INC., | ) |
| Defendant. | ) |

## **ORDER**

Pending before the Court is Defendant Hulett Chevrolet-Buick-GMC, Inc.'s ("Hulett") Motion to Compel Arbitration and Stay Proceedings, and suggestions in support thereof. (Docs. 11, 13). Plaintiff Dominic Tanner has not filed a reply and the time to do so has passed. The issue is now ripe for consideration. For the reasons that follow, the motion is granted.

### **I. Background**

This case arises from Mr. Tanner's purchase of a pre-owned 2020 Chevrolet Silverado 1500 Custom truck ("Silverado") from Hulett on or about July 23, 2024. (Doc. 5 at 3-8). Mr. Tanner alleges that Hulett participated in deceptive trade practices and fraudulent conduct. (*Id.* at 8, 11, 13). He asserts violations of the Missouri Merchandising Practices Act, negligence, fraudulent misrepresentation, and violations of the Magnuson-Moss Warranty Act. (*Id.* at 8-14).

When Mr. Tanner purchased the Silverado from Hulett, he signed a Retail Installment Sale Contract ("Contract") containing an arbitration clause. (Doc. 11 at 2). The arbitration clause reads, in pertinent part:

> Any claim or dispute, whether in contract, tort, statute, or otherwise . . . which arises out of or relates to your credit application, purchase, or condition of this vehicle, this contract or any resulting transaction or relationship . . . shall, at your or our election, be resolved by a neutral, binding arbitration and not by a court action.

(Doc. 11-1 at 5). Hulett argues that Mr. Tanner's claims arise out of and relate to the Contract. Therefore, Hulett seeks to exercise its right to compel arbitration. (Doc. 11 at 2).

## II. Legal Standard

This matter is governed by the Federal Arbitration Act ("FAA"), which provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA, enacted in response to judicial hostility to arbitration, "establishes 'a liberal federal policy favoring arbitration agreements.'" *Duncan v. Int'l Mkts. Live, Inc.*, 20 F.4th 400, 402 (8th Cir. 2021) (quoting *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018)). "Arbitration agreements are favored by federal law and will be enforced as long as a valid agreement exists 'and the dispute falls within the scope of that agreement.'" *Shockley v. PrimeLending*, 929 F.3d 1012, 1017 (8th Cir. 2019) (quoting *Berkley v. Dillard's, Inc.*, 450 F.3d 775, 777 (8th Cir. 2006)). "Thus, the primary inquiry is 'whether the parties formed a valid contract that binds them to arbitrate their dispute.'" *Duncan*, 20 F.4th at 402 (citing *Shockley*, 929 F.3d at 1017). "[T]he party seeking to compel arbitration . . . carries the burden to prove a valid and enforceable agreement." *Shockley*, 929 F.3d at 1017 (citing *Jackson v. Higher Educ. Loan Auth. of Mo.*, 497 S.W.3d 283, 287 (Mo. Ct. App. 2016)). Where a valid arbitration agreement applies and a party has requested a stay of court proceedings, "the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024).

## III. Discussion

On September 12, 2025, Mr. Tanner filed a complaint in this Court. (Doc. 1). Mr. Tanner filed his first amended Complaint on October 2, 2025, alleging that Hulett omitted material facts by failing to disclose that the Silverado Mr. Tanner purchased had been in a prior accident. (Doc.

5 ¶¶ 12, 18, 29-30). Hulett filed the instant Motion on October 21, 2025, arguing that Mr. Tanner agreed to arbitrate upon either his or Hulett's election. (Docs. 11, 13). After granting three extensions for Mr. Tanner to respond to the pending Motion (Docs. 17, 19, 21), he did not file a reply. Nevertheless, the Court finds that the parties have entered a valid agreement to arbitrate and that Mr. Tanner's claims fall within the arbitration provision.

### A. The parties have formed a valid agreement to arbitrate.

Hulett claims that it entered into a valid arbitration agreement because: (1) Hulett offered to sell the vehicle in this case; (2) Mr. Tanner accepted by making payment and signing the Retail Installment Sale Contract; and (3) both parties agreed they may elect to arbitrate any disputes arising out of the sale of the vehicle. (Doc. 11 at 1-2).

"State contract law governs whether an arbitration agreement is valid." *Quam Const. Co., Inc. v. City of Redfield*, 770 F.3d 706, 708 (8th Cir. 2014) (quoting *Lyster v. Ryan's Fam. Steak Houses, Inc.*, 239 F.3d 943, 946 (8th Cir. 2001)). Missouri law provides that "[a] valid arbitration clause . . . requires mutuality of agreement, which implies a mutuality of assent by the parties to the terms of the contract." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1089 (8th Cir. 2021) (quoting *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 810 (Mo. 2015)). "Missouri law requires (1) an offer, (2) acceptance, and (3) consideration to form a valid and enforceable contract." *Shockley*, 929 F.3d at 1017 (citing *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. 2014) (en banc)). First, "[a]n offer is made when the offeree . . . would 'reasonably believe that an offer has been made.'" *Id.* (quoting *Jackson*, 497 S.W.3d at 288). Second, "[a]n acceptance is present when the offeree signifies assent to the terms of the offer in a 'positive and unambiguous' manner." *Shockley*, 929 F.3d at 1017 (quoting *Katz v. Anheuser-Busch, Inc.*, 347 S.W.3d 533, 545 (Mo. Ct. App. 2011)). "Third, an agreement must have an exchange of consideration: a promise to

do something or refrain from doing something, or the transfer of something of value to the other party." *Id.* at 1017-18 (citing *Baker*, 450 S.W.3d at 774).

The Court finds a valid and enforceable arbitration agreement existed between Mr. Tanner and Hulett. First, Hulett offered the vehicle for a price, and Mr. Tanner accepted that offer and purchased the vehicle from Hulett. (Doc. 5 ¶ 10-11); *see Shockley*, 929 F.3d at 1017 (stating that Missouri law requires an offer and acceptance as part of a valid contract). As part of that sale, Mr. Tanner signed the Retail Sales Installment Contract. (Doc. 11 ¶ 5); *see Shockley*, 929 F.3d at 1017 (quoting *Katz*, 347 S.W.3d at 545) ("[A]cceptance is present when the offeree signifies assent to the terms of the offer in a 'positive and unambiguous' manner."). Mr. Tanner then took possession and ownership of the vehicle. (Doc. 5 ¶ 9; Doc. 13 at 2); *see Shockley*, 929 F.3d at 1017-18 (noting that consideration is "the transfer of something of value to the other party"). Offer, acceptance, and consideration are all present here. The parties have therefore formed a valid contract. *See Duncan*, 20 F.4th at 402 ("[T]he primary inquiry is whether the parties formed a valid contract that binds them to arbitrate their dispute.").

Further, Mr. Tanner signed the Contract beneath the following statement:

> You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below.

(Doc. 11-1 at 3). The arbitration agreement was presented to Mr. Tanner for review, which he acknowledged by his signature immediately following the statement that he had "read both sides of this contract, including the arbitration provision on the reverse side, before signing below." (*Id.*); *Donelson*, 999 F.3d at 1089 (noting that a valid arbitration clause requires mutuality of agreement). By signing the agreement, Mr. Tanner accepted the offer to arbitrate in a positive and unambiguous manner. (*See* Doc. 11-1 at 3, 5-6); *see Trunnel v. Missouri Higher Educ. Loan Auth.*,

635 S.W.3d 193, 201 (Mo. Ct. App. 2021) ("Whether there exists mutual assent sufficient to form a contract is dependent upon the objective intentions of the parties, which are determined by reviewing the parties' actions and words.") (internal quotation omitted).

Federal courts in Missouri have held that the same or very similar language as the language here constitutes a valid and enforceable arbitration agreement. *See Shabazz v. Americredit Financial Services Inc.*, No. 4:25CV197 HEA, 2025 WL 2958764 (E.D. Mo. Oct. 17, 2025); *Campbell v. Nissan Motor Acceptance Co. LLC*, No. 23-CV-6161-SRB, 2024 WL 4172576 (W.D. Mo. Feb. 16, 2024); *Guiterrez v. State Line Nissan, Inc.*, No. 08-0285-CV-W-FJG, 2008 WL 3155896 (W.D. Mo. Aug. 4, 2008); *Garner v. Kansas City Auto Acquisitions, Inc.*, No. 15-CV-00812-W-DW, 2016 WL 8999937 (W.D. Mo. Jan. 11, 2016). Further, all the elements to form a valid contract are present. Accordingly, this Court finds that the parties entered into a valid contract and formed an enforceable agreement to arbitrate.

**B. The arbitration agreement applies to Mr. Tanner's claims.**

Mr. Tanner's claims are clearly within the scope of the arbitration agreement.

"[U]nless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," arbitration is mandated. *Parm v. Bluestem Brands, Inc.*, 898 F.3d 869, 873-74 (8th Cir. 2018) (quoting *AT&T Techs., Inc. v. Comm'ns Workers of America*, 475 U.S. 643, 650 (1986)).

The arbitration policy provides:

> *Any claim or dispute*, whether in contract, tort, statute, or otherwise . . . which arises out of or relates to your credit application, purchase, or condition of this vehicle, this contract or any resulting transaction or relationship . . . shall, at your or our election, be resolved by a neutral, binding arbitration and not by a court action.

(Doc. 11-1 at 6) (emphasis added). Mr. Tanner alleges that Hulett concealed the condition of the Silverado and made false representations which Mr. Tanner relied on in purchasing the truck. (Doc.

5 ¶¶ 18-20, 56-65). Because these claims arise out of the purchase or condition of the Silverado, they clearly fall within the scope of the arbitration agreement.

## IV. Conclusion

For the reasons discussed herein, the Court finds that the arbitration agreement between Hulett and Mr. Tanner is enforceable with respect to Mr. Tanner's claims and these proceedings should be stayed pending arbitration. Accordingly, Hulett's Motion to Compel Arbitration and Stay Proceedings (Doc. 11) is GRANTED.

IT IS SO ORDERED.

Dated this 2nd day of December, 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge